924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John Charles BINS, Plaintiff,
v.
Richard E. ARTISON, Sheriff of Milwaukee County, and James
Pinter, Milwaukee County Sheriff's Deputy,
Defendants-Appellants,
Jerome Casper and Rowell's Central Towing, Inc., Appellees.
 Nos. 90-1149, 90-1339.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 10, 1991.
Decided Feb. 4, 1991.
 
 Before CUDAHY and EASTERBROOK, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 Order
 
 1
 At the direction of James Pinter, a deputy sheriff seizing property on the authority of a writ of execution, Jerome Casper towed away a car. As it turned out, the car did not belong to the judgment debtor, and the sheriff's office told the towing company to release the car. Milwaukee County did not, however, offer to pay the towing and storage fees, and John Bins, the car's owner, was unwilling to do so. Rowell's Towing Service (Casper's firm) sold the car to recover accumulated charges. Bins responded with a suit under 42 U.S.C. Sec. 1983, contending that the seizure and sale of the car violated the Constitution. Pinter and Richard Artison, the sheriff, named Casper and the towing service as additional defendants; they in turn filed a cross claim for indemnification.
 
 
 2
 After a bench trial the district judge held that Casper and the towing service were "state actors", operating as agents of the County. 721 F.Supp. 1034, 1036-37 (E.D.Wis.1989). He awarded damages and attorneys' fees to Bins. On the cross-claim, the judge concluded that Casper and the firm are entitled to indemnification from Artison and Pinter under Wisconsin law. He also ordered Artison and Pinter to reimburse Casper and the firm for their attorneys' fees. Artison and Pinter filed this appeal, contesting the order to indemnify. They have not challenged the judgment in favor of Bins, and we express no opinion on that subject.
 
 
 3
 At oral argument, counsel revealed that Milwaukee County has satisfied the judgment on the merits. This makes the dispute about indemnification moot. Casper and his firm would be entitled to indemnity only if called on to pay the judgment, under which they were jointly and severally liable with Artison and Pinter. As they will not be called on to pay, there is no justiciable controversy about whether they could collect over against Artison and Pinter.
 
 
 4
 What remains is the dispute about legal fees. Artison and Pinter insist that Casper and his firm did not comply with Wis.Stat. Sec. 893.80(1), which requires a person seeking money from a governmental body to file timely notice and make a formal "claim". Perhaps these hurdles would bar recovery under that law, but Sec. 893.80 was not the basis of the district court's award. Another statute, Sec. 895.46(1)(a), says that "[r]egardless of the results of the litigation [against a public official] the governmental unit, if it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment." This operates independently of Sec. 893.80. Section 895.46 contains its own notice rule: "Failure by the officer or employee to give notice to his or her department head of an action ... as soon as reasonably possible is a bar to recovery ...". Unsurprisingly, Artison does not invoke this statute. He is the department head, and it was he who added Casper to the case.
 
 
 5
 Milwaukee County required Casper and firm to defend themselves, and they demand recompense under Sec. 895.46. Although this text mentions only an "officer or employe", the immediately preceding sentence says that "[a]gents of any department of the state shall be covered by this section while acting within the scope of their agency." This means that agents are treated as if they were officers or employees under the section.
 
 
 6
 Milwaukee insists, however, that Casper and the towing service were not its agents, and at all events were not agents "of any department of the state". The district court resolved the former issue against the County on the facts. The record shows that Casper towed the car at the express request of a deputy sheriff and held it at the County's disposal. There is apparently a longstanding pattern of cooperation. Casper sold the car only when no one would pay accumulated charges. The conclusion that he was an "agent" of the sheriff, and hence of the County, is not clearly erroneous.
 
 
 7
 All that is left is the contention that Casper was an agent of the County and not of "any department of the state". The district judge, steeped in Wisconsin law as we are not, read this language differently. No state case construes Sec. 895.46 as applied to agents' claims for legal fees, so the only opinion we have to go on is the district judge's, and we have no basis for doubting the reading by this former member of the Supreme Court of Wisconsin. Judge Gordon concluded that political subdivisions of Wisconsin are "departments" of the state in the pertinent sense. This is sensible. Section 895.46 requires indemnification of state and local employees. It would serve no purpose (Milwaukee suggests none) to confine the coverage of agents to those engaged by statewide departments. Other portions of the text sound as if the subsection is limited to state officials, see especially the last sentence of Sec. 895.46(1)(a), yet the first sentence unambiguously provides that the "state or political subdivision of which the defendant is an officer or employe " (emphasis added) must satisfy the judgment. We therefore agree with the district court that Casper was an agent of "a department of the state" within the meaning of Sec. 895.46(1)(a).
 
 
 8
 Milwaukee might have argued that, as the statute requires indemnification by the "state or political subdivision", Casper blundered in seeking payment from Artison and Pinter personally, leaving them to seek indemnity in turn. The County did not make this argument in the district court or by brief here, however, and even when the argument was articulated by members of the court at oral argument did not adopt it--until rebuttal. That is much too late, especially when the demand for indemnity has proceeded as an official capacity suit, effectively one against the governmental unit. Kentucky v. Graham, 473 U.S. 159, 166-69 (1985). Unless Artison and Pinter were acting as employees of Milwaukee County, there would be no basis for indemnity under Sec. 895.46, indeed no basis of liability under Sec. 1983. We conclude that the order was entered against Artison and Pinter in their official capacities, and therefore runs directly against Milwaukee County. As the County did not contest in the district court the reasonableness of the fees Casper requested, its belated challenge in this court comes too late.
 
 
 9
 The judgment is vacated as moot to the extent it directs Artison and Pinter to indemnify Casper and the firm. The judgment is affirmed to the extent it directs Artison and Pinter, and hence Milwaukee County, to pay the legal fees Casper and Rowell's Central Towing incurred in defending this action.